UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────

**KRISTEN B. NESTLER,**

            **Plaintiff,**

-against-                 02-CV-1115

**CHARTWELLS DINING SERVICES and
COMPASS GROUP and PAUL KRAUSE**

            **Defendants.**
─────────────────────────────────────────

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

### I. INTRODUCTION

Familiarity with the prior proceedings in this action is presumed. Nestler, a successful Title VII plaintiff, now moves for an award of attorney and expert witness fees pursuant to Fed. R. Civ. P. 54 and 42 U.S.C. § 2000e-5(k). In the original fee application [dkt # 150], Plaintiff sought a total of "$106,196.50 for attorneys' fees and costs." Sherrin Aff., p. 6 [doc. # 150-2]. Defendants indicated that they "[did] not object to the reasonableness of Plaintiff's request for the foregoing attorneys' fees and costs." Feb. 25, 2005 letter from Atty. Nicastro [doc. # 152]. However, on March 30, 2005, Plaintiff's counsel submitted a letter indicating that Plaintiff had inadvertently failed to request expert witness fees for Heather Kopff, D.O., and wanted to increase Plaintiff's fee application by $1,600.00 (the amount charged by Dr. Kopff). See March 30, 2005 letter from Atty. Sherrin [doc # 158-1]; see also Sherrin Decl. [doc. # 158-2]. Defendants oppose this addition,

1

contending, *inter alia,* that the rate of pay charged by Dr. Kopff ($350 an hour for witness preparation and testifying; $250 an hour for document review) was unreasonable, and that the hours charged were not supported by the record.

## II. DISCUSSION

First, in light of the fact that Defendants have not objected to *the original* fee application, and upon consideration of the reasonableness of the fees sought in this original application, see Blum v. Stenson, 465 U.S. 886, 888 (1984); Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Marshall v. N.Y.S. Police, 31 F.Supp.2d 100, 104 (N.D.N.Y. 1998), the Court finds that a fee award of $106,196.50, as originally requested, is warranted.

Second, with regard to the additional amount sought for Dr. Kopff, the Court notes that Defendants have not objected to Dr. Kopff being treated as a expert witness, but rather, only to the amount of the fees requested. Compare Derienzo v. Metro. Transit Auth.,2004 WL 67479, at *2 (S.D.N.Y. Jan. 15, 2004)(holding that treating physicians are entitled only to the statutory fee), and Mangla v. Univ. of Rochester, 168 F.R.D. 137, 139-40 (W.D.N.Y. 1996)(limiting treating physicians to the statutory fee), with Lamere v. New York State Office for the Aging, 223 F.R.D. 85, 91 (N.D.N.Y. 2004)(holding that treating physicians are entitled to a reasonable fee).  Therefore, the Court proceeds to determine whether the sought-after expert witness fees for Dr. Kopff are reasonable.

The Court finds that the hours billed by Dr. Kopff for document review (1 ½ hours), preparation for testifying (1 ½ hours), and testifying (2 hours) are not unreasonable in the aggregate. However, Defendants challenge the accuracy of the time Dr. Kopff spent on April 22, 2004 preparing with Plaintiff's counsel.  Plaintiff's counsel's records show that he spent 1 hour on this

2

date traveling and meeting with Dr. Kopff to prepare her for her testimony, whereas Dr. Kopff charges for 1 ½ hours. The Court does not know how long counsel spent traveling to meet with Dr. Kopff, or whether Dr. Kopff also traveled and met counsel at an independent location (i.e. other than at either Dr. Kopff's or counsel's office), but the Court will presume that the two spent the better part of 1 hour preparing for Dr. Kopff's testimony. Accordingly, the Court will credit one hour to Dr. Kopff on this date. Without specific objection to the other dates and times charged by Dr. Kopff, the Court will reduce the total hours for Dr. Kopff's services by ½ hour, resulting in a total of 4 ½ hours.

With regard to the hourly rates charged by Dr. Kopff, the burden is on Plaintiff to demonstrate the reasonableness of the sought-after fee, including the reasonableness of the hourly rate used to calculate the fee. See Marshall, 31 F.Supp.2d at 104. Plaintiff has not met this burden, at least not with regard to Dr. Kopff's hourly rates. Plaintiff has not provided any basis upon which to determine Dr. Kopff's customary rate for such services, or what the prevailing rate is in the Albany, New York area for physician testimony.[1] Given this void, the Court will exercise its discretion in determining a reasonable hourly rate. See LaMere v. N.Y.S. Office, 223 F.R.D. 85, 93 (N.D.N.Y. 2004)("The determination of a reasonable fee and for what services, including preparation, falls solely within this Court's province.")(citations omitted). The Court finds, in the exercise of its discretion, that the reasonable hourly rate for Dr. Koppf's time, whether spent reviewing documents, meeting with Plaintiff's counsel, or actually testifying, is $185.00 per hour -

---

[1] The fee request for Dr. Kopff's services was submitted over a year after the trial ended, but Plaintiff supported it with nothing more than a bare-bones invoice from Dr. Koppf. Even after Defendants mounted a challenge to the fee request, Plaintiff did not seek to submit any additional information to support it.

the same rate assessed in LaMere, 223 F.R.D. at 93.[2]  Therefore, Plaintiff's fee award will be increased by $832.50 for Dr. Kopff's fees  (4.5 hours x $185.00).

## III.  CONCLUSION

In conclusion, Plaintiff's motion for attorney and expert witnesses fees pursuant to Fed. R. Civ. P. 54 and 42 U.S.C. § 2000e-5(k)[dkt # 150] is **GRANTED AS MODIFIED**, and Plaintiff is awarded attorney and expert witnesses fees in the amount of  **$107,029.00.**

**IT IS SO ORDERED**

DATED:September 23,2005

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge

---

[2] In LaMere, Magistrate Judge Treece required defendants to pay $185.00 per hour for the time spent by LaMere's treating physician, a board certified psychiatrist, preparing for and testifying at a deposition. Id.  The hourly rate was based upon the hourly rate "customarily" charged by that expert, and was found to be reasonable by Magistrate Judge Treece . Id.